## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

VILLAGE GRILL CONEY ISLAND, INC.,

      Plaintiff,

                                  Case No. 22-cv-12355

v.                                 Honorable Brandy R. McMillion

PRIME ONE INSURANCE GROUP,

      Defendant.

_____ /

### ORDER GRANTING DEFENDANT'S MOTION TO ENFORCE SETTLEMENT (ECF NO. 22) AND DENYING MOTION FOR WITHDRAWAL OF ATTORNEY KEITH C. JABLONSKI (ECF NO. 23)

This case stems from an insurance dispute between Plaintiff Village Grill Coney Island, Inc. ("Village Grill") and Defendant Prime One Insurance Company ("PrimeOne")[1]. Before the Court is PrimeOne's Motion to Enforce Settlement (ECF No. 22) and the Motion for Withdrawal of Attorney Keith C. Jablonski (ECF No. 23). For the reasons stated below, the Motion to Enforce the Settlement is **GRANTED**, and the Motion for Withdrawal of Counsel is **DENIED**. PrimeOne is ordered to remit the settlement funds to Village Grill's counsel, and this case is **DISMISSED WITH PREJUDICE**.

---

[1] PrimeOne was erroneously identified as Prime One Insurance Group in the initial pleadings.

## I.

Village Grill, through Mukadez Kadiu ("Kadiu"), operated a Coney Island restaurant at 27545 Plymouth Road in Livonia, Michigan.  ECF No. 1, PageID.8.  The restaurant property was leased from Lesh and Djela Shkreli ("the Shkrelis"); and insured by PrimeOne.  *Id*. at PageID.8-9.  On August 2, 2020, a fire occurred at the restaurant.  *Id*. at PageID.9.  As a result, Village Grill filed an insurance claim with PrimeOne which became the subject of this dispute.  *Id.*

On October 3, 2023, the parties attended a facilitative mediation in an attempt to resolve the claims at issue in this litigation.  *See generally* ECF No. 22, PageID.474-475.  The parties were able to reach an agreement, which was to be memorialized in a written agreement following the facilitation.  *Id*.  However, prior to the drafting of a settlement agreement, the mediator emailed each of the parties and requested confirmation that the parties were agreeing to the terms negotiated at the mediation.  *Id*.  Counsel for both parties confirmed.  *Id*.

Subsequently, PrimeOne's counsel drafted a Settlement and Release Agreement ("the Settlement Agreement") and forwarded it to Village Grill's counsel for execution.  *Id*.  The Settlement Agreement contained the agreed terms, including that a settlement payment was to be made by PrimeOne to Village Grill, in exchange for a release of all claims and dismissal with prejudice of the lawsuit.  *Id*.  Despite

containing the terms of the parties' agreement, Village Grill's counsel notified PrimeOne that Kadiu and the Shkrelis refused to sign the agreement.[2]  *Id.*

PrimeOne has now filed a motion to enforce the Settlement Agreement.  *See* ECF No. 22.   In response, Village Grill's counsel filed a motion to withdraw claiming that there was a conflict of interest between Village Grill and Kadiu/the Shkrelis (the "interested parties") and therefore each needed to be able to assert their interest before the Court with separate counsel.  *See* ECF No. 22, 28.   Having reviewed the briefs of the parties, as well as having argument on a previous motion to withdraw (ECF No. 17), the Court finds oral argument unnecessary and will rule on the record before it.  *See* E.D. Mich. LR 7.1(f).

## II.

It is well settled that federal courts have the power to enforce settlement agreements.  *RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 646 (6th Cir. 2001).  Settlement agreements are merely a type of contract that must comply with state contract law.  *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992).  Under Michigan law, a contract requires an offer, acceptance, and mutual

---

[2] The Court later learned at a Settlement Conference on May 7, 2024, that Kadiu and the Shkrelis were in dispute over the amount of the settlement proceeds to which each was entitled. As a result, they were refusing to execute the Settlement Agreement.

assent on all material terms. *Kloian v. Domino's Pizza L.L.C.*, 273 Mich. App. 449, 452-53 (2006) (citations omitted).

The Court finds here that all elements of a contract have been met. First, there was a valid offer. An offer is the "manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." *Id*. at 453. Here, both parties agreed that in order to resolve the dispute, PrimeOne would make a payment to Village Grill in exchange for a release of the lawsuit. Additionally, there was acceptance of the offer and mutual assent to be bound. Acceptance requires an individual to manifest an intent to be bound by the offer by "voluntarily undertaking some unequivocal act sufficient for that purpose." *Id*. Both parties sent confirmation emails to the mediator accepting the terms of the agreement and evidencing a meeting of the minds or mutual assent.

Village Grill is now refusing to sign the Settlement Agreement, that reduces the valid agreement to writing, merely because of a dispute between Kadiu and the Shkrelis as to how the settlement funds should be distributed. *See* ECF No. 23, PageID.524. While Kadiu and the Shkrelis may be interested parties to this litigation, the dispute between them is not properly before this Court. Village Grill

is the only Plaintiff in this action.[3]  The Settlement Agreement is between Village Grill and PrimeOne.  Both of those parties acknowledged the terms of the Settlement Agreement when presented to them by the mediator.  That the interested parties now dispute how the settlement funds should be distributed does not negate the existence of a settlement between Village Grill and PrimeOne.  Under the basic tenets of contract law in Michigan—offer, acceptance and mutual assent—a valid agreement was reached.  *Kloian*, 273 Mich. App. at 449.  The Court will therefore hold the parties to the terms of that agreement.

Mr. Jablonski asserts that the Court should withhold ruling on the motion to enforce the settlement until Kadiu and the Shkrelis can hire counsel to weigh in on the existence of the settlement.  *See* ECF No. 23.  And he would like to withdraw so that they have the ability to do so.  However, this issue was raised previously when Mr. Jablonski made an oral motion to withdraw (ECF No. 17), and the Court denied that motion because Kadiu was not a party to this case.  *See* ECF No. 27-2, PageID.694.  While not required, the Court at that time gave Kadiu an opportunity to hire counsel to appear on her behalf if she so desired.  ECF No. 27-2, PageID.687-688.  She did not do so.  But the Court also noted at that time, as it relates to the case pending before this Court, that Mr. Jablonski was counsel for Village Grill, as Village

_____

[3] Kadiu and the Shkrelis were originally named Plaintiffs but were dismissed from this action by stipulation of the parties on November 18, 2022.  *See* ECF No. 9.

Grill was the only party to this suit.  Nothing since then has changed.  The Court does not find that there is any conflict in Mr. Jablonski's representation of Village Grill in this litigation as it relates to the claims against PrimeOne.  His argument that the disagreement between Kadiu and the Shkrelis renders joint representation of them impossible (ECF No. 23 at PageID.524) may be true, but they are not parties to this litigation and the Court cannot order continued or discontinued representation of non-parties.[4]  Additionally, allowing Mr. Jablonski to withdraw after a settlement has been reached, and agreed to by the parties, would be of great prejudice to PrimeOne, who is prepared to make final payment of the settlement funds to Village Grill.  *Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009).  Therefore, Mr. Jablonski's request to withdraw as counsel for Village Grill is denied.

The Settlement Agreement required PrimeOne to remit the settlement funds to Village Grill's counsel, Mr. Jablonski, to be held in escrow; so the Court will order that be done forthwith.  Given that the funds will be held in escrow, they are fully protected until Kadiu and the Shkrelis can resolve their dispute as to the distribution of the funds.

---

[4] Mr. Jablonski states he agreed to represent the interests of Village Grill, Kadiu, and the Shkrelis based upon an agreement contained in a June 6, 2022 Settlement Agreement.  ECF No. 23 at PageID.525.  However, that Settlement Agreement is not a part of this litigation.  To the extent there are issues with respect to that agreement, those issues should properly be raised before the state court in which that litigation was filed.

## III.

Accordingly, Defendant's Motion to Enforce Settlement (ECF No. 22) is **GRANTED** and Plaintiff's Motion for Withdrawal of Attorney Keith C. Jablonski (ECF No. 23) is **DENIED**.

**IT IS HEREBY ORDERED** that Defendant shall remit the Settlement Funds to Plaintiff's Counsel on or before October 25, 2024, to be placed in escrow as per the terms of the Settlement Agreement.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.  Defendant PrimeOne is hereby **RELEASED** of any and all claims that Village Grill raised or could have raised in this litigation.

**This is a final order that closes this case.**

**IT IS SO ORDERED.**

Dated: September 13, 2024                         s/Brandy R. McMillion
                                                 Hon. Brandy R. McMillion
                                                 United States District Judge